IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

YANDELL CONSTRUCTION SERVICES, INC.,

    Plaintiff,

v.                                                       No. 1:17-cv-01037-JDB-egb

LMR CONSTRUCTION, LLC,
CODELL CONSTRUCTION COMPANY, and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE AS TO DEFENDANTS CODELL CONSTRUCTION COMPANY
AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

---

## I.    PROCEDURAL HISTORY

Before the Court is the April 9, 2018 motion of Plaintiff, Yandell Construction Services, Inc. ("Yandell"), to voluntarily dismiss without prejudice two Defendants, Codell Construction Company ("Codell") and Travelers Casualty and Surety Company of America ("Travelers").

On December 27, 2016, Plaintiff filed a complaint "for breach of contract and damages" against Codell and Defendant LMR Construction, LLC ("LMR") in the Chancery Court of Hardin County, Tennessee. (D.E. 1-1 at PageID 9; *see* D.E. 1 at PageID 1.) In the complaint, Yandell stated that LMR, as a subcontractor of Codell, had subcontracted Plaintiff to perform construction work on two projects, and that LMR had failed to timely pay, owing $279,887.47 in arrearages, mediation costs, and attorney's fees. (D.E. 1-1 at PageID 10–11, 14.) Following LMR's written consent on March 6, 2017, (D.E. 1-6), Codell filed a "Notice of and Petition for Removal" in this Court on March 8, 2017, (D.E. 1), and submitted its answer a week later. (D.E.

1

9.) On July 3, 2017, LMR amended its answer, asserting four new counterclaims against Yandell, (D.E. 30; *see* D.E. 1-3), to which Yandell responded. (D.E. 31.)

On October 24, 2017, the Court granted Plaintiff's motion to amend its complaint to add Travelers, the surety for Codell, as a Defendant, (D.E. 36), to which the other co-defendants had consented. (D.E. 33.) LMR filed its third amended answer with the same counterclaims against Plaintiff, (D.E. 38; *see* D.E. 30; D.E. 1-3), which again answered. (D.E. 39; *see* D.E. 31.) On November 27, 2017, Codell and Travelers filed a joint answer. (D.E. 42.)

Yandell's motion to voluntarily dismiss two of the defendants without prejudice relies upon Federal Rule of Civil Procedure 41(a)(2), arguing, inter alia, that such a dismissal "would not cause any prejudice or harm to the remaining Defendant, LMR," which did not oppose the motion. (D.E. 52 at PageID 463.) Codell and Travelers objected to the motion, contending that "it appears that Yandell's motive is to get Codell and Travelers out of the way so that Yandell can attempt to quickly get a judgment against LMR, and then rely on that judgment to preclude Codell or Travelers from raising LMR's defenses in any future bond claim." (D.E. 53 at PageID 465.) Relying on the factors set forth by the Sixth Circuit in *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), Codell and Travelers asserted the following three arguments as grounds against their dismissal:

> (1) Yandell fails to establish that dismissal is proper because it does not even address whether Codell or Travelers would be prejudiced; (2) Codell and Travelers would be prejudiced because their dismissal will effectively strip them of a principal defense on Yandell's bond claim; and (3) Codell and Travelers have expended significant resources already pursuing their defenses in this action, and judicial economy favors the parties litigating these issues in this action.

(*Id.* at PageID 469.) Yandell replied to Codell and Travelers' response, maintaining that the *Grover* factors weighed in its favor. (D.E. 58.) Specifically, Plaintiff contended that (1) because discovery had not commenced in earnest, the defendants' effort and expense were "minimal"; (2)

the case was not as old as Defendants alleged, and, in any event, they had contributed to its present posture; (3) it would be in the interest of both Plaintiff and the Court that the matter be resolved efficiently; and (4) a motion for summary judgment had not been filed. (D.E. 58 at PageID 489–91.) Yandell also took issue with Codell and Travelers' collateral estoppel argument, declaring these concerns as "speculative and without merit." (*Id.* at PageID 491.)

In a telephone status conference on May 2, 2018, the parties further addressed these arguments, and the Court granted Yandell's motion to allow supplemental briefing. (D.E. 60.) The supplemental briefs specifically addressed (1) whether Fed. R. Civ. P. 41(a)(2) and Sixth Circuit precedent permit the relief Yandell sought, and what role Fed. R. Civ. P. 21 might play; and (2) whether res judicata or collateral estoppel would, in fact, bar the defenses Codell and Travelers desired to preserve if the case was litigated without them. (D.E. 61, 62.)

Plaintiff's supplemental brief maintained that the Court could and should dismiss Codell and Travelers under Rule 41(a)(2), citing contradictory precedent in the Sixth Circuit on the issue. (D.E. 61 at PageID 499–502.) It further contended that the Defendants would suffer no legal prejudice were they dismissed. (*Id.* at PageID 502–03.) Defendants responded that dismissal would only be appropriate under Rule 21, and not Rule 41, and that such a dismissal would prejudice them because collateral estoppel could attach to an adverse judgment against LMR Construction. (D.E. 62 at PageID 506.)

## II.     ANALYSIS

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order . . . without prejudice." In its motion, Plaintiff only seeks dismissal of the two named defendants. (D.E. 52.) However, Codell and Travelers assert that a plaintiff may not properly terminate less than all defendants to an action under Rule 41, arguing that the rule's language applies to a dismissal of the entire lawsuit. They further contend that termination of less than all

3

claims or parties is only appropriate under Rule 21. Thus, the Court must consider in turn (1) under which rule dismissal of the two defendants would be allowable, and (2) whether dismissal would be proper under that particular rule.

### A. Proper Rule

Sixth Circuit precedent appears to be in conflict as to whether Rule 41 may be utilized in dismissing only certain defendants to an action. In *Phillip Carey Mfg. Co. v. Taylor*, the appellate court construed the word "action" in Rule 41 as referring to the case as a whole, and not to particular defendants or claims. 286 F.2d 782, 785–86, (6th Cir. 1961). There, the court observed that Rule 21 was the proper Rule under which certain defendants or claims could be dismissed:

> The rule . . . reads "[. . . ]an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs [. . . ]." It was said in [*Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953)]: "However, Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 provides that 'Parties may be dropped or added by order of the court on motion [. . . ]' and we think that this rule is the one under which any action to eliminate Reynolds as a party should be taken."

*Id.* (alterations in original). However, later decisions have cast doubt on the precedential value of this holding. In *Banque de Depots v. Nat'l Bank of Detroit*—thirteen years after the *Phillip Carey* decision—the Sixth Circuit held as not clearly erroneous a trial court's dismissal of a single defendant under Rule 41. 491 F.2d 753, 757 (6th Cir. 1974) ("The District Court felt that [the dismissed defendant]'s remaining in the suit would prejudice both [the dismissed defendant] and [plaintiff], and conversely, his dismissal would not prejudice [the remaining defendant]. Regardless of any reservations we might otherwise have harbored, we must defer to the Trial

4

Court's exercise of discretion.") Notably, the Court did not consider the meaning of "action" in its opinion. *See also Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003) (noting, but declining to decide, that the Court's ruling in *Phillip Carey* regarding the scope of Rule 41 was in doubt in light of *Banque de Depots*), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008).

Rule 21, on the other hand, states, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Although the Rule is entitled "Misjoinder and Nonjoinder of Parties," *id.*, "[t]he permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (quoting *Johnson v. Advanced Bionics*, No. 2:08-CV-02376-JPM, 2011 WL 1323883, at *6 (W.D. Tenn. Apr. 4, 2011)). Indeed, courts have found it prudent to dismiss parties under Rule 21 for reasons other than misjoinder. *See, e.g.*, *Arnold v. Heyns*, Civil Case No. 13-14137, 2015 WL 1131767, at *2, *4–5 (E.D. Mich. Mar. 11, 2015) (adopting magistrate judge's report and recommendation allowing plaintiffs to be dismissed for lack of desire to continue pursuing matter); *Johnson*, 2011 WL 1323883, at *6–7 (dismissing defendants to avoid jury confusion).

Dismissal under either rule requires a consideration of prejudice to the affected parties. *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 at *2 (E.D. Tenn. Jan. 30, 2017) ("When evaluating a motion for dismissal under Rule 21 . . . courts should . . . consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant.") (citing *Arnold*, 2015 WL 1131767, at *4); *cf. Parchman*, 896 F.3d at 733 (providing list of non-exhaustive factors for Rule 21 dismissals, including prejudice). Nevertheless, the Court will

construe Yandell's motion as a dismissal under Rule 21 because the weight of precedent favors this construction.

   B.   Grover *Factors*

The Sixth Circuit developed the *Grover* factors to aid in analyzing whether the defendant would "suffer 'plain legal prejudice'" beyond "the mere prospect of a second lawsuit" if the case was dismissed under Rule 41. *Grover*, 33 F.3d at 718 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). The *Grover* court instructed trial courts to:

> consider such factors as [(1)] the defendant's effort and expense of preparation for trial, [(2)] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [(3)] insufficient explanation for the need to take a dismissal, and [(4)] whether a motion for summary judgment has been filed by the defendant.

*Id.*

In *Grover*, the defendant appealed a Rule 41 dismissal of a particularly lengthy and protracted lawsuit. *Id.* at 718–19. At issue in the action was a novel question of law that required certification of a question to the Ohio Supreme Court. *Id.* The resolution of that issue made clear that the plaintiff did not have a cause of action against the defendant. *Id.* at 719. The court held that "when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

Here, a consideration of the *Grover* factors urges the conclusion that Codell and Travelers would suffer no such plain legal prejudice. Yandell originally filed this action in December 2016, and Codell removed it to this Court in March 2017. Motion practice in the intervening time period has not been extensive, and all parties have responded to one another in a timely fashion. Furthermore, as Plaintiff points out, extensive discovery has not yet been

6

conducted, nor have any dispositive motions been filed. (D.E. 58 at PageID 489–91.) Although the Court notes that conducting over two years of litigation results in no small expense, much of the effort put forth in the discovery phase of this case could presumably be used in any future suit brought by Plaintiff against the two Defendants. *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (considering this future applicability of time and cost in prospective suits in allowing a Rule 41 dismissal); *see also Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 644 (6th Cir. 2012) (declining to find the *Grover* time and effort factor weighed in the moving party's favor when product could not be used in a later action). Clearly, Defendants' time and financial expenditure pale in comparison with that of the defendant in *Grover*.

As to the explanation for the motion, Yandell has stated that it seeks to pursue its claim against only LMR because it desires to litigate this matter more cost-efficiently. (D.E. 52 at PageID 463.) Although this is perhaps a consideration Plaintiff could have made earlier in the litigation process, it cannot be said to be an insufficient reason. The Court is further guided by the maxim that the plaintiff is the "master of his complaint," and absent the prejudice discussed above, the Court should not force Plaintiff to prosecute a suit against Defendants which Plaintiff does not wish to pursue.[1]

  C.  *Collateral Estoppel*

In their briefs on this matter, Codell and Travelers have made much of potential prejudice they might suffer were this lawsuit to proceed without them: that if this case continues to trial and LMR is unsuccessful, collateral estoppel may attach to certain defenses Codell and Travelers

---

[1] Defendants have also not argued that they are necessary parties under Rule 19. *See Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (noting the same when affirming a district court's Rule 21 dismissal of defendants) (citing *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540. 545 (6th Cir. 1994)).

could otherwise have raised under contract and surety law. (D.E. 53 at PageID 470; D.E. 62 at 509–11.) As previously noted, a defendant must demonstrate that it would suffer plain legal prejudice by a voluntary dismissal. *See* II-B, *supra*.

Although "[c]ourts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense," it is not at all clear in this instance that either defendant would in fact suffer such a fate. *Rosenthal* 217 F. App'x at 500. As Codell and Travelers themselves correctly point out, Tennessee courts have not spoken as to whether collateral estoppel attaches in cases such as these.[2] (D.E. 62 at PageID 511 n.2.) Defendants' argument requires speculation by this Court on unsettled areas of Tennessee law and is therefore not the type of "determinative[,] definitive decision of state law" that would compel a conclusion of prejudice discussed in *Grover*. *Rosenthal* 217 F. App'x at 501. To the extent that Defendants urge the Court to decide this motion based on preventing speculative collateral estoppel, the Court finds that such an order would require it to resolve a question of law not yet in controversy. This type of relief would exceed the Court's jurisdiction as being tantamount to an advisory opinion. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("Federal courts may not . . . give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'") (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).[3]

---

[2] Defendants have furnished cases from other jurisdiction that have held that sureties were bound by adverse judgments against their principals, but there are also decisions that hold to the contrary. *Compare, e.g.*, *United States ex rel. Aurora Painting Inc. v. Fireman's Fund Ins. Co.*, 832 F.2d 1150, 1153 (9th Cir. 1987) (holding a surety with notice to a proceeding was bound by a prior arbitration award against the principal and in favor of the claimant) *with U.S. Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 17 (5th Cir. 1968) (holding otherwise). The Court further notes that neither Defendant has cited to a Tennessee statute or a provision in the surety agreement that would indicate that Travelers would be bound by a judgement against LMR by operation of law.

[3] With regards to Codell's concern that it could be collaterally estopped from asserting its defenses, the Court notes that Defendants' briefs cite no authority for this proposition. In any

## III. CONCLUSION

For the foregoing reasons, Yandell's motion is GRANTED and Codell and Travelers are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 13th day of September 2018.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

event, the same reasoning that causes Travelers' argument to fail on this point equally applies to Codell.